IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ALEX HUAQIANG LEO,**

        **Plaintiff,**

**v.**

        **CIVIL ACTION**

        **No: 10-2495-JTM-DJW**

**GARMIN INTERNATIONAL,**

        **Defendant.**

## MEMORANDUM AND ORDER

This is an employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* Plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915.[1] Pending before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 4).

The district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action.[2] The discretion granted to the court is extremely broad.[3] A plaintiff has no constitutional or statutory right to appointed counsel in a federal civil case.[4]

To guide the court's discretion, the Tenth Circuit has identified several factors to be considered when evaluating a motion for appointment of counsel in Title VII and other employment

---

[1] *See* September 17, 2010 Order (ECF No. 5).

[2] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). *See also* 42 U.S.C.§ 2000e-5(f).

[3] *Castner,* 979 F.2d at 1420.

[4] *Id.*

discrimination cases arising under federal law.[5] Before counsel may be appointed, the plaintiff "must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[6] In addition, "the plaintiff's capacity to present the case without counsel . . . should be considered in close cases as an aid in exercising discretion."[7]

In ruling on motions to appoint counsel, the Court must keep in mind that Congress has not provided any mechanism for compensating appointed attorneys in employment discrimination cases.[8] Thus, the Tenth Circuit has held that the "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments."[9] Furthermore, the indiscriminate appointment of volunteer counsel to undeserving claims wastes precious resource and may discourage attorneys from donating their time.[10] Finally, the Court notes that it has a limited pool of volunteer attorneys from whom the Court may appoint counsel.

In addition to appointing counsel under Title VII and the other federal statutes prohibiting employment discrimination, the Court may appoint counsel for Plaintiff under the *in forma pauperis* statute, 29 U.S.C. 1915(e)(1). Although the factors a court considers for appointing counsel under

---

[5]*See id.* at 1420-21.

[6]*Id.* at 1421.

[7]*Id.*

[8]*Id.*

[9]*Id.*

[10]*Id.*

the *in forma pauperis* statute are not identical to the factors cited above for appointing counsel under Title VII, they are substantially similar.[11] In determining whether to appoint counsel under 28 U.S.C. § 1915(e)(1), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[12] The plaintiff seeking counsel has the burden "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel" under the *in forma pauperis* statute.[13]

The Court has reviewed Plaintiff's Motion for Appointment of Counsel under these standards. Based on the Court's review of the motion and Affidavit of Financial Status, the Court finds that Plaintiff has shown financial inability to pay for counsel and diligence in attempting to secure counsel. Based on the Court's review of the Amended Complaint and the investigative file of the Equal Employment Opportunity Commission,[14] however, the Court does not find Plaintiff's claims to have sufficient merit to warrant the appointment of counsel.

The Court has also considered Plaintiff's capacity to present the case without counsel. Based on the Court's review of the pleadings filed by Plaintiff to date, the Court finds that Plaintiff appears able to adequately communicate to the Court the facts giving rise to his claims. This case involves

---

[11]*Patterson v. Dialysis*, No.09-2131-JAR-GLR, 2009 WL 902406, at *2 (D. Kan. Mar. 31, 2009).

[12]*Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[13]*Id.*

[14]On September 17, 2010, the Court entered an Order (ECF No. 6) directing the Equal Employment Opportunity Commission to produce to the Court the non-privileged documents contained in the Commission's investigative file. The Commission produced a copy of those records to the Court on or about October 7, 2010.

the alleged refusal of Defendant to hire Plaintiff for a single position of employment, which involves relatively uncomplicated facts. In addition, Plaintiff asserts claims against a single defendant. Given the liberal standards governing pro se litigants, if Plaintiff devotes sufficient efforts to presenting his case, the Court believes Plaintiff should be able to adequately prosecute his claims without the assistance of counsel. The Court therefore declines to appoint counsel for Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 20th day of October 2010.

s/ David J. Waxse

David J. Waxse
U.S. Magistrate Judge


cc: All counsel and pro se parties