IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEX HUAQIANG LEO ,

Plaintiff,

vs.                                              Case No. 10-2495-JTM

GARMIN INTERNATIONAL, INC.,

Defendant.


MEMORANDUM AND ORDER


Plaintiff Alex Huaqiang Leo commenced the present action complaining that he was not given

employment by the defendant Garmin International, Inc. when he applied for a software engineering

job in 2008. Several motions are before the court, the most important being Garmin's motion to

dismiss the action under Fed.R.Civ.Pr. 12(b)(6) and for the imposition of sanctions against Leo.[1]

The court finds that the defendant's motion should be granted. Leo's claims are fatally

deficient because he has previously advanced identical claims in another action. After those claims

---

[1] In addition to the Motion to Dismiss, plaintiff Leo has filed multiple motions, including motions to add or correct exhibits or pleadings (Dkt. 33, 36) and a Motion for Clerk's Entry of Default Judgment (Dkt. 37). The motions to add or correct are unopposed and are hereby granted. The motion for default is plainly without merit, as Garmin's Motion to Dismiss, filed less than three weeks after service of the Amended Complaint, is clearly a responsive pleading within the meaning of Fed.R.Civ.Pr. 55. Leo has also filed a Motion to Strike (Dkt. 25), which argues that Garmin's motion is "impertinent." Leo otherwise presents no valid justification for striking Garmin's pleading.

were rejected as being without merit, as well as an additional specific finding of misconduct by Leo, he has simply refiled the same claims in the present action. The court finds that Leo's claims are barred by res judicata, and will award as sanctions the reasonable attorney fees incurred by the defendant.

A brief review of the litigation demonstrates both the legally insufficient nature of the present action, but the clearly vexatious manner in which it has been pursued. On March 29, 2009, Leo commenced his litigation against Garmin when he filed Case No. 09-CV-2139-KHV (*Leo I*). Leo complained that Garmin's failure to hire him in 2008 violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and also violated the anti-discrimination provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq. ("Title VII"). Judge Vratil dismissed all of the plaintiff's claims in *Leo I* (except his claim of ADEA disparate treatment) on September 24, 2009, holding that the plaintiff had failed to exhaust his administrative remedies. (*Leo I*, Dkt. 63). Following discovery on the remaining claim, Judge Vratil granted summary judgment on that claim in favor of Garmin on May 21, 2010. The court held that the claim was subject to summary judgment both because Leo had failed to present a prima facie case that he was qualified as a software engineer, and he had failed to show that Garmin's reason for hiring him was a pretext for unlawful discrimination. (*Leo I*, Dkt. 200).

Leo then appealed to the Tenth Circuit, Case No. 10-3146. He requested leave to file a brief in excess of the court's standard page limits, Fed.R.App.P. 32(a)(7)(B)(i). The appeals court summarily refused Leo permission to file his 70,000 word brief. He subsequently sought permission to add "Supporting Analysis and Detailed Evidence" to the record on the appeal in the form of a brief 71,431 words in length. The Tenth Circuit again refused permission, finding that the "Supporting

Analysis and Detailed Evidence" was "nothing more than an attempt [by Leo] to work around" its earlier order. Leo ultimately filed his appellate brief on October 6, 2010.

While engaged in his page-limit exchange with the Tenth Circuit, Leo filed a 282-page, 71,431 word Complaint on September 14, 2010 to commence the present action. This Complaint is, in form and substance, identical to materials which the Tenth Circuit excluded.

The claims advanced here are barred by *res judicata*, as all the claims advanced in the Complaint were (or could have been) advanced in *Leo I. See King v. Union Oil*, 117 F.3d 443, 445 (10th Cir. 1997). For example, in the present action, Leo argues at length that he was in fact qualified as a software engineer in 2008, a matter which was explicitly dealt with in the district court's opinion in *Leo I.* The Complaint is nothing more than an attempt to resurrect the claims based on the 2008 refusal to hire, including claims of age and national origin discrimination, all of which the court rejected in *Leo I.*

Nor can Leo circumvent *res judicata* by the expediency of adding three counts (for perjury, obstruction of justice, and "Conducting an Illegal Deposition") to the ten prior counts, as all of these claims relate directly to the prior litigation. Judge Vratil explicitly denied Leo's Motion for Sanctions, in which he claimed perjury on the part of Garmin, finding that the motion was "frivolous on its face." (*Leo I*, Dkt. 104). In any event, all of these claims could have been asserted in *Leo I. See Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2003) (doctrine of preclusion applies to the repetition of issues "that were or could have been raised in the prior action").

In his response to the Motion to Dismiss, Leo argues that his present complaint is different because it is centered on his initial June 2007 online application with Garmin, while *Leo I* dealt with

Garmin's ultimate rejection of his application in January and February of 2008. This attempted distinction is without merit, as the June 2007 application was part of the employment application process, and which was explicitly referenced by the court in *Leo I*. (Dkt. 140, 158, 200). Further, as noted above, the doctrine of *res judicata* applies to claims which could have been presented in the earlier action.

In addition, the court finds that sanctions are appropriate. The circumstances of the case demonstrate that Leo filed the present action in an intentional attempt to circumvent the ruling of the Tenth Circuit. The conclusion is corroborated by Leo's conduct in connection with both *Leo I* and *Leo II*. Once counsel for the defendant entered an appearance in *Leo II*, the plaintiff promptly faxed her a taunting message, stating "Welcome to the big time!" (Dkt. 15, Exh. 1).

In addition, Leo's bad faith is demonstrated in his actions in transparently attempting to evade the limitations on voluminous filings in connection with the motion now before the court. Following Garmin's Motion to Dismiss, Leo twice moved for permission to exceed existing page limits. On December 7, 2010, the court granted Leo's request to exceed the court's standard 30 page limit, and allowed Leo to file a response brief of no more than 50 pages. (Dkt. 19). Leo then moved for permission to file a brief in excess of 50 pages, and without obtaining prior leave, filed a response brief in excess of 130 pages. The court denied Leo's second motion, and directed him to file a brief of 50 pages or less. (Dkt. 22). Leo subsequently filed such a brief, but attached to it as "exhibits" some 118 pages of materials. The description of these materials as "exhibits" is false, they are simply a continuation of Leo's arguments, in defiance of this court's Order. After the court again ordered Leo to file a compliant response (Dkt. 28), Leo filed an additional response of 50 pages, which actually *increased* the argument portion of his "exhibits" to 138 pages. (Dkt. 29).

In addition, it must be noted that in *Leo I,* Judge Vratil felt compelled to sanction the plaintiff for abusive behavior. The court held that the actions of Leo (in surreptiously videotaping the defendant's counsel during a deposition) and his daughter (who was twice found to have spied on the notes of defendant's counsel during deposition breaks) were subject to sanction. (*Leo I*, Dkt. 103). The sanctions were imposed only after repeated warnings from the court. The court imposed a sanction of $2000, which it later reduced to $1000 after Leo cited his indigent status.

Accordingly, the court finds that Leo's actions are sanctionable under the inherent power of the court, as those actions reflect a vexatious, wanton, and oppressive abuse of the judicial process. *See Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006). First, the court hereby awards to Garmin its reasonable costs and expenses incurred in the present action. Second, the plaintiff is specifically enjoined from any further legal actions which raise claims which were, or could have been raised, in *Leo I,* without prior leave from this court. The plaintiff is given warning that any violation of this injunction may cause the award of additional sanctions.

IT IS ACCORDINGLY ORDERED this 21st day of March 2011 that the defendant's Motion to Dismiss and for Sanctions (Dkt. 14) is hereby granted, as provided herein. The plaintiff's Motion for Default (Dkt. 37) and to Strike (Dkt. 25) are denied. The plaintiff's Motions to Correct (Dkt. 33, 36) are granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE