IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEX HUAQIANG LEO,

    Plaintiff,

vs.                               Case No. 10-2495-JTM

GARMIN INTERNATIONAL, INC.,

    Defendants.

MEMORANDUM AND ORDER

The court has previously entered an Order granting defendant Garmin International's Motion to Dismiss the claims of pro se plaintiff Alex HuaQiang Leo. The court also granted Garmin's Motion for Sanctions, and directed Garmin to submit documentation of its costs and attorney fees.

Following this Order, Leo has (1) moved to alter the judgment and disqualify the undersigned (Dkt. 43), (2) Notice of Interlocutory Appeal (Dkt. 47), (3) a motion seeking to make a correction in one of his prior briefs (Dkt. 50), a second motion to alter the judgment and instead enter judgment in his favor (Dkt. 51), and a motion seeking to "stay all the judgments of Order [40]" in light of his other pleadings. (Dkt. 45).

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position,

the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court finds no merit in any of the arguments advanced by Leo in favor of altering or amending the court's prior Order. All such arguments merely restate at length arguments which were or could have been advanced in opposition to the defendant's Motion to Dismiss. Likewise, Leo's Motion for Disqualification is premised merely upon dissatisfaction with the conclusions reached by the court, together with his standard unsubstantiated claims of fraud and prejudice. Leo's Motion to Correct his pleading is denied as moot.

Leo's motion to stay the proceedings in light of the Notice of Appeal is without merit. The court has jurisdiction, during the pendency of appeal, to grant judgment on collateral matters not involved in the appeal, such as an award of attorney fees. *Garcia v. Burlington Northern R. Co.*, 818 F.2d 713, 721 (10th Cir.1987).

In its motion, and consistent with the court's award of sanctions, Garmin seeks an award of $11,624.00 in attorney fees and $126.20 in costs. The attorney fees request reflects a total 52.9 hours attorney time (Dkt. 42, Exh. A), billed at different hourly rates for three different attorneys, ranging from $265 to $210 per hour. (*Id.* at Exh. 1).

The plaintiff offers no substantive challenge to the amount of time involved or the hour rate charged. Instead, Leo's response to Garmin's motion for fees is to simply invoke his request to stay

the case in light of his Notice of Appeal. As noted earlier, the filing of a Notice of Appeal does not deprive this court of the ability of this court to resolve Garmin's request for attorney fees.

The court finds that the defendant's hourly rate to be reasonable, although it finds the amount of hours expended is unreasonably disproportionate. *See Dutton v. Johnson County Bd. of County Comm'rs*, No. 93-2184-JWL, 1995 WL 337588, at *1 (D. Kan. May 26, 1995). The defendant accurately notes that Leo's pleadings are voluminous. He has submitted a 287 page Complaint, 91 documents comprising approximately 1,200 pages, a subsequent and equally lengthy Amended Complaint, seven motions, and an application for default judgment. However, the issue of res judicata was relatively straightforward. The defendant was required to review each of Leo's submissions, but the court is convinced that the full time requested by the defendant is disproportionate. The court accordingly will reduce the award of attorney fees by 25%.

IT IS ACCORDINGLY ORDERED this 15th day of April, 2011, that plaintiff's Motions to Alter and Amend (Dkt. 43, 51), to Stay (Dkt. 45), and to Correct (Dkt. 50) are hereby denied. Defendant Garmin's Motion for Fees and Costs is granted such that defendant is hereby awarded $8,718.00 in attorney fees and $126.20 in costs.

      s/ J. Thomas Marten
      J. THOMAS MARTEN, JUDGE